IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALIK WILLIAMS,                      :
    Plaintiff,                       :
                                :
    v.                               :          CIVIL ACTION NO. 23-CV-2348
                                :
P/O PATRICK DOOLEY,                  :
    Defendants.                      :

MEMORANDUM

McHUGH, J.                                                    JULY 17, 2023

        Currently before the Court is a Complaint filed by Plaintiff Malik Williams pursuant to

42 U.S.C. § 1983, based on his arrest and related criminal charges, of which he was acquitted.

Mr. Williams seeks to proceed *in forma pauperis*.  For the following reasons, the Court will

grant Williams leave to proceed *in forma pauperis*, dismiss certain of his claims pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and direct service of his Complaint so that

Williams can proceed at this time on his remaining claims.

## I.    FACTUAL ALLEGATIONS

        Mr. Williams names the following Defendants in his Complaint:  (1) Police Office

Patrick Dooley of the 15th Police District in Philadelphia; (2) the "Philadelphia Police 15th

District" (3) Larry Krasner, the Philadelphia District Attorney; and (4) the Honorable Henry

Lewandowski 3rd.  (Compl. at 2-3.)[1]  Williams alleges that on November 7, 2021, Officer Dooley

accused him of driving a stolen car and arrested him along with other officers of the 15th Police

District.  (*Id.* at 4, 6.)  He claims that Dooley threatened him and beat or banged his head against

a parked car, possibly a police vehicle.  (*Id.* at 4, 7.) Williams also alleges that his arms were

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

twisted and that he was choked in the course of his arrest.  (*Id.* at 4.)  Williams sustained a broken hand.  (*Id.* at 7, 9.)

Mr. Williams was charged with two felonies — theft by unlawful taking and receiving stolen property — and three misdemeanors — unauthorized use of motor/other vehicles, simple assault, and resisting arrest.  (*Id.* at 4.)  Williams alleges that Officer Dooley's body camera never showed him in the stolen vehicle.  (*Id.*)  He further alleges that he was incarcerated at the time the vehicle was reported stolen, and that he informed Dooley of this fact.  (*Id.*)  Williams also provided this information to Judge Lewandowski, who appears to have been assigned to preside over Williams's criminal case at some point, but the charges were not dismissed.  (*Id.* at 5, 7.)  Bail was set and, as a result of the charges, Williams was charged with violating his probation and incarcerated.  (*Id.* at 4.)  Williams was ultimately acquitted.  (*Id.* at 5.)

Williams brings Fourth Amendment claims for excessive force, false arrest and malicious prosecution based on the above allegations.[2]  He seeks damages to compensate him for the time he spent incarcerated.[3]  (*Id.* at 5.)

---

[2] Williams also refers to the Fifth, Eighth, and Fourteenth Amendments.  (Compl. at 5.) However, he has not alleged a plausible claim under these additional provisions, because the Fourth Amendment governs his claims.  *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule" pursuant to which claims should be analyzed under the standards relevant to the more specific provision of the Constitution under which that claim falls, rather than under the Due Process Clause).  Further, Williams's unsupported stray reference to being "profiled" (Compl. at 6) is woefully insufficient to suggest a basis for an equal protection claim.

[3] Williams also attached to his Complaint two "Private Criminal Complaints."  (Compl. at 14-15.)  It appears he seeks to bring criminal charges against Dooley and Krasner.  However,

## II.    STANDARD OF REVIEW

The Court grants Williams leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Williams is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8

---

Williams has no right to the initiation of criminal charges against another individual and, in any event, this Court lacks the authority to impose such charges.  *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

[4] However, as Mr. Williams is currently incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.  DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  For the following reasons, the Court will dismiss Williams's claims against all Defendants except Officer Dooley, as discussed below.[5]

### A.    Claims Against Philadelphia Police 15th District

A police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of*

---

[5] In drafting his Complaint, Williams checked the boxes on the form he used indicating that he seeks to name the Defendants in their official capacities.  (Compl. at 2-3.)  Williams appears not to have understood the implication of checking the official capacity box.  Claims against government employees named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*  Because Williams does not attempt to allege an official capacity claim, *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation), the Court will liberally construe the Complaint to assert a claim against the Defendants in their individual capacity.  *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

*Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Furthermore, agencies of the City of Philadelphia, such as the Philadelphia Police Department, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division). Accordingly, the Court will dismiss all claims against the 15th District of the Philadelphia Police Department because they are not plausible.[6]

### B.    Claims Against District Attorney Krasner

Williams appears to have named Krasner as a Defendant in this lawsuit because he is in charge of the District Attorney's Office responsible for initiating and pursuing the criminal charges against Williams. Prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). District Attorneys and other supervisory prosecutors are likewise entitled to

---

[6] Even if Williams intended to raise claims against the City of Philadelphia, as opposed to its police department, those claims fail because nothing in the Complaint alleges that the conduct of which Williams complains resulted from a municipal policy or custom. *See Monell*, 436 U.S. at 694.

absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).  Accordingly, there is no plausible basis for a claim against Krasner based on Williams's prosecution.

### C.    Claims Against Judge Lewandowski

Williams's claims against Judge Lewandowski are based on the Judge's handling of a portion or portions of Williams's criminal case.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  As Williams's § 1983 claims against Judge Lewandowski are based on acts he took in his judicial capacity while presiding over Williams's criminal case, the claims against Judge Lewandowski are not plausible.

### D.    Claims Against Officer Dooley

Mr. Williams brings Fourth Amendment claims against Officer Dooley for use of excessive force, false arrest, and malicious prosecution.  "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]"  *Graham*, 490 U.S. at 395; *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred

using the Fourth Amendment's objective reasonableness test."). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

A plaintiff asserting a constitutional malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). "Probable cause exists if there is a fair probability that the person committed the crime at issue." *Harvard*, 973 F.3d at 199 (internal quotations omitted). "To demonstrate a favorable termination of a

criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022).

Mr. Williams alleges that Officer Dooley arrested him for driving a stolen car and charged him with related crimes without sufficient evidence.  Specifically, he contends there was a lack of evidence that he was in the car or driving it, as reflected by the footage from Dooley's body camera.  Williams also claims to have informed Dooley that he was incarcerated at the time the car was reported stolen.  He was nevertheless charged with crimes of which he was ultimately acquitted.  Further, Williams contends that Dooley banged his head against a parked car while arresting him.  At this early stage of the litigation, applying the liberal pleading standards applicable to *pro se* litigants, Williams has alleged sufficient facts in support of his claims against Dooley to proceed at this time.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Williams leave to proceed *in forma pauperis* and dismiss all of his claims with the exception of his Fourth Amendment claims against Dooley for use of excessive force, false arrest, and malicious prosecution.  The Court concludes that amendment of the dismissed claims would be futile.  An appropriate Order follows, which, among other things, directs service of Williams' Complaint on Dooley.

BY THE COURT:

/s/ Gerald Austin McHugh

_____

GERALD A. McHUGH, J.