IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIK WILLIAMS,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 23-CV-2348** |
| : | |
| **P/O PATRICK DOOLEY,** : | |
| Defendants. : | |

## ORDER

This 17th day of July, 2023, upon consideration of Plaintiff Malik Williams's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 5), and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Malik Williams, #QP=5567, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Williams's inmate account; or (b) the average monthly balance in Williams's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Williams's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Williams's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court shall **SEND** a copy of this Order to the Superintendent of SCI Chester.

4. The Complaint is **DEEMED** filed.

5. The following claims are **DISMISSED WITH PREJUDICE** for failure to state a claim:

   a. Any claims seeking imposition of criminal charges;

   b. All official capacity claims;

   c. All claims based upon the Fifth, Eighth, and Fourteenth Amendment;

   d. All claims against Defendants Larry Krasner, Philadelphia Police 15th District, and Judge Lewandowski.

6. The Clerk of Court is **DIRECTED** to **TERMINATE** the following parties as Defendants in this case: Larry Krasner, Philadelphia Police 15th District, and Judge Lewandowski.

7. The Clerk of Court shall issue a summons for Defendant P/O Patrick Dooley so that Williams may proceed against Dooley on his Fourth Amendment claims for excessive force, false arrest, and malicious prosecution. Service of the summons and the Complaint shall be made upon the Defendant by the U.S. Marshals Service along with a copy of this Order and accompanying Memorandum. Williams will be required to complete a USM-285 form so that the Marshals can serve the Defendant. Failure to complete that form may result in dismissal of this case.

8. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The

certificate of service should be filed in the case along with the original papers and should show the day and manner of service.  An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
> 
> _____
> (Signature)"

9. Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.  Williams is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

10. Williams is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Williams shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

11. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

12. In the event a summons is returned unexecuted, it is Williams's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

13. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

                    **BY THE COURT:**

                    /s/ Gerald Austin McHugh

                    **GERALD A. MCHUGH, J.**